12-1310-bk
Ogden v. Chorches

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

IN RE: BOLIN & CO LLC,

>             *Debtor*.

_____

SALLY OGDEN,

>             *Appellant*,

>      v.                                                          No. 12-1310-bk

RONALD IAN CHORCHES, Trustee of the Estate
of Bolin & Company, LLC,

>             *Appellee*.

_____

FOR APPELLANT:          JEFFREY HELLMAN (Kellianne Baranowsky, Aaron Romney, *on the brief*), Zeisler & Zeisler, P.C., Bridgeport, Ct.

FOR APPELLEE:           SCOTT M. CHARMOY, Charmoy & Charmoy, Fairfield, Ct.

Appeal from an order of the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shiff, *B.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the bankruptcy court is **REVERSED**, and the case is **REMANDED** for any necessary proceedings consistent with this order.

On September 27, 2010, the bankruptcy trustee for the estate of Bolin & Co., LLC. ("Bolin"), secured a $226,000 judgment on behalf of the estate against Sally Ogden in the United States District Court for the District of Connecticut (Stefan R. Underhill, *J.*) in an adversary proceeding that had been withdrawn from Bolin's Chapter 7 proceedings in the United States Bankruptcy Court for the District of Connecticut (Alan H.W. Shiff, *B.J.*). On October 6, 2010, Ogden moved under Rule 59(e) or, in the alternative, Rule 60(a), to amend or correct the judgment to reflect a setoff of her $226,000 liability against a $270,000 secured interest she claimed against the estate. Instead of deciding Ogden's motion, on December 8, 2010, the district court restored the proceeding to the bankruptcy court. By order dated September 21, 2011, the bankruptcy court denied Ogden's request for a setoff. Ogden now appeals that order. We assume the parties' familiarity with the underlying facts and procedural history.

We review the disallowance of a setoff for abuse of discretion, but are mindful that "[t]his circuit . . . has repeatedly favored the allowance of setoffs." Bohack Corp. v. Borden,

2

Inc., 599 F.2d 1160, 1165 (2d Cir. 1979). A court abuses its discretion when its decision (1) "rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." Johnson v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011). We hold that the bankruptcy court abused its discretion when it denied Ogden's setoff request because it misconstrued 11 U.S.C. § 553(a).

Ogden argues that the bankruptcy court erred when it held that her debt arose post-petition, and that her debt and Bolin's are not "mutual," within the meaning of § 553(a). The trustee has not attempted to defend the bankruptcy court's conclusions, which are in any event mistaken. First, insofar as § 553(a) is concerned, Ogden's debt to Bolin arose before the commencement of the bankruptcy proceeding. The Bankruptcy Code defines "debt" to mean "liability on a claim." 11 U.S.C. § 101(12). A "claim," in turn, is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Id. § 101(5)(A). A "'right to payment' means nothing more nor less than an enforceable obligation." Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (internal quotation marks and brackets omitted). Liability on a claim is therefore "a condition of being obligated to answer for a claim," and "does not mean the same as judgment or remedy." In re Mazzeo, 131 F.3d 295, 303 (2d Cir. 1997). Thus, "for purposes of setoff, a debt arises when all transactions necessary for liability have occurred, regardless of whether the claim was contingent when the petition was filed." In re Lehman Bros. Holdings, Inc., 404 B.R. 752, 759 (Bankr. S.D.N.Y. 2009) (internal quotation marks and brackets omitted). It is undisputed that all events on which Ogden's liability is premised occurred before Bolin filed for bankruptcy. Accordingly, for purposes of § 553(a),

3

Bolin's claim against Ogden accrued before it entered bankruptcy, and Ogden's obligation is therefore a pre-petition debt.

Second, the bankruptcy court erred in holding that Ogden's and Bolin's debts are not "mutual" within the meaning of § 553(a) because Ogden's claim is secured while Bolin's is not, and because the debts arise out of unrelated transactions. Neither basis is proper for denying setoff under § 553. First, § 553 allows for setoff of both secured and unsecured claims against the debtor. See In re Applied Logic Corp., 576 F.2d 952, 964 (2d Cir. 1978). Second, to satisfy § 553's mutuality requirement, debts need not arise from the same transaction. See In re Malniowski, 156 F.3d 131, 133 (2d Cir. 1998) ("In set-off the mutual debts arise from different transactions."); see also Collier on Bankruptcy ¶ 553.03(3)(e) ("In general, the character of an obligation is irrelevant for purposes of mutuality under section 553, although it may be relevant under applicable nonbanrkutpcy law in determining whether a right of setoff exists in the first instance."); In re Buckenmaier, 127 B.R. 233, 238 (B.A.P. 9th Cir. 1991) ("[T]ort claims may be setoff against contractual ones which arise from totally different transactions and incidents."), citing In re Diplomat Elec., Inc., 499 F.2d 342 (5th Cir. 1974). "Thus, under section 553(a), a contract claim may be offset against a tort claim, and a statutory claim may be offset against an obligation arising in equity." Collier on Bankruptcy ¶ 553.03(3)(e).

Section 553(a), however, does not *create* a right of setoff where none exists under state law. On appeal, the trustee argues for the first time that, even if § 553 does not in itself prohibit the setoff of contract claims against tort claims, Connecticut law does not provide for such setoff. He also argues for the first time on appeal that Ogden is precluded from seeking setoff because she failed to plead a claim for such relief at the outset of the district court proceedings. Because

4

the trustee raised neither of these arguments below, they are forfeited. See Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below.") (internal quotation marks omitted). The trustee urges us nonetheless to consider these arguments, as he "will suffer a grave injustice if he cannot present [his forfeited] argument[s] to this Court." (Appellee Br. 17.) We decline to do so, as we see no fundamental injustice in allowing Ogden to offset her liability against her uncontested secured claim.[*] As a result, we do not here consider whether these arguments have any merit.

Accordingly, because none of the grounds cited by the bankruptcy court justifies the denial of Ogden's motion for setoff, because the arguments now advanced by the trustee have all been forfeited, and because a setoff that is not properly opposed must be granted, we conclude that Ogden is entitled to set off the district court's September 27, 2010 judgment against her with her $270,000 secured claim against the estate.

For the reasons stated above, the order of the bankruptcy court is **REVERSED**, and the case is **REMANDED** for any necessary proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[*]Additionally, at oral argument before this Court, the trustee argued that the estate has not conceded the validity or amount of Ogden's secured claim. However, at no point prior to oral argument did the trustee object to setoff on that basis despite ample opportunity. Indeed, the district court declined to rule on Ogden's setoff motion and instead restored the proceeding to the bankruptcy court for the express purpose of allowing the trustee to contest the merits of Ogden's claim. Because he did not do so either in the bankruptcy court or in his briefs to this court, the trustee has waived any objection to setoff on the basis that Ogden does not have a $270,000 secured claim against the estate.

5